STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. DANIEL FLYNN, PLAINTIFF IN ERROR.

Submitted October 17, 1930—Decided September 5, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the plaintiff in error, *John W. McGeehan, Jr.*, and *George F. Corrigan, Jr.*

For the state, *Joseph L. Smith*, prosecutor of the pleas, and *Simon L. Fisch*, assistant prosecutor.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in error, Daniel Flynn, was convicted upon an indictment found by the grand jury of Essex county, containing two counts, the first charging him with assault and battery upon one Benjamin Cohen, and the second charging him with an atrocious assault upon said Cohen. The conviction was had upon the first count.

Both Flynn and Cohen were members of a labor organization known as the Ironworkers Union, and the assault was committed at a meeting of that association. The defense interposed at the trial was that the assault (which was admitted) was committed upon Cohen in self-defense, and the first ground upon which we are asked to reverse the conviction is that the court below erred in refusing to charge the following request submitted on behalf of the defendant: "While the burden is upon the defendant to prove, not beyond a reasonable doubt, but by a preponderance of the evidence the defense of self-defense, yet you may take into consideration all of the evidence throughout the case bearing upon this defense, and if from all the evidence in the case you find that the state has not sustained its burden, which never shifts, to prove the defendant guilty beyond a reasonable doubt of the crime charged in the indictment, taking into consideration all of the testimony on the question of self-defense, then if such reasonable doubt exists in your mind from the evidence, it is your duty to return a verdict of not guilty." An examination of the charge itself shows that this request was fully complied with in effect, the court charging the jury that although the burden rested upon the defendant of proving self-defense by a preponderance of the evidence, yet the case was to be determined not only by a

consideration of the proofs submitted by the defendant upon this point, but after a consideration of all of the evidence in the case, "bearing in mind that the burden of proof is upon the state to prove the guilt of the defendant beyond a reasonable doubt."

The next ground of reversal urged on behalf of the defendant below is that the instruction hereinbefore recited was harmfully erroneous. It is enough, in disposing of this contention, to repeat that it was in effect a compliance with a request to charge submitted on behalf of the plaintiff in error.

Next it is contended that the trial court erred in charging the jury that "in order for the defendant to prevail in the proof of his defense of self-defense, you must be satisfied that the facts as they existed at the time justified Flynn in reasonably believing that Cohen had a gun and was about to use it to do Flynn bodily harm." The basis of Flynn's defense was that the assault was committed by him under the belief that Cohen had a gun upon his person which he was about to draw when the assault was committed. Taken in connection with that portion of the charge to which reference has already been made, we consider that the instruction now complained of was a correct statement of the legal principle involved.

It is next urged as a ground for reversal that the court erred in refusing to charge a request of the defendant with relation to the evidence of his good repute in the neighborhood. The request was as follows: "You may take into consideration in this case the evidence of the good repute of the defendant in determining upon the guilt or innocence of the defendant, and if upon a consideration of such evidence, together with all the other evidence in the case, you have a reasonable doubt of the guilt of the defendant, even though that doubt be engendered merely by evidence of his good repute, then he is entitled to an acquittal." In dealing with this phase of the case, the court charged the jury that the testimony of the character witnesses "like all the other testimony, must be taken into consideration in deciding the

guilt or innocence of the defendant; and if you have a reasonable doubt on the whole case, even though that doubt be engendered by the testimony of these character witnesses, the defendant is entitled to the benefit thereof." Counsel for the plaintiff in error argues that this instruction was not a compliance with the request, for the reason that the words at the end of the instruction, "the defendant is entitled to the benefit thereof," justified the jury in considering that by convicting the defendant of the lesser offense charged in the indictment, they would be giving him the benefit of the doubt engendered by the testimony of the character witnesses. But this argument overlooks the fact that the court in the earlier part of the charge to the jury had instructed the members thereof that if after a consideration of all of the evidence in the case they should have a reasonable doubt as to the guilt of the defendant, he should be acquitted. This instruction must be taken in connection with that part of the charge which is the subject of the ground of reversal now under consideration, and the two excerpts taken together properly express the law relating to reasonable doubt engendered by the testimony of character witnesses.

These are the only questions raised by the plaintiff in error, and finding that none of them have legal merit, the judgment under review will be affirmed.